```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
POPPI METAXAS,                                              :
                                                            :   **MEMORANDUM**
                              Petitioner,                   :   **DECISION AND ORDER**
                                                            :
            - against -                                     :   14-cr-0190 (BMC)
                                                            :   17-cv-2708 (BMC)
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                              Respondent.                   :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Respondent has filed a petition for a writ of *coram nobis* from her conviction by guilty plea for bank fraud. The petition is her second request for post-judgment relief. Her first petition was for a writ of habeas corpus under 28 U.S.C. § 2255. Her principal argument in that motion was ineffective assistance of her trial counsel. I denied the motion after an evidentiary hearing at which she and her prior attorney testified. See United States v. Metaxas, 449 F. Supp. 3d 24 (E.D.N.Y.), appeal dismissed, Metaxas v. United States, No. 20-1398, 2020 WL 6266361 (2d Cir. 2020). That decision sets forth in detail the facts of this case, familiarity with which is therefore assumed.

When she filed the instant *coram nobis* petition, I construed it as a second or successive § 2255 petition because it attacked the same conviction. I therefore transferred it to the Second Circuit to determine if leave should be granted for her to proceed. See 28 U.S.C. § 2244(b). The Second Circuit remanded, holding that because petitioner had completed her term of supervised release, she was no longer eligible for habeas corpus relief, and thus *coram nobis* was the proper vehicle. See United States v. Denedo, 556 U.S. 904, 916 (2009). In remanding, the Second

Circuit expressed "no opinion as to whether Petitioner can satisfy the requirements for coram nobis relief."

As difficult as it is to qualify for relief under 28 U.S.C. § 2555, relief through a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, is even more difficult to obtain.  A writ of *coram nobis* is not a substitute for appeal but, rather, an "extraordinary remedy", Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954), reserved for "extraordinary cases presenting circumstances compelling its use 'to achieve justice.'" Du Purton v. United States, 891 F.3d 437, 444 (2d Cir. 2018) (quoting Morgan, 346 U.S. at 511).  *Coram nobis* relief is "strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996). The writ is "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding....'" Carlisle v. United States, 517 U.S. 416, 428-29 (1996) (quoting United States v. Mayer, 235 U.S. 55, 67-68 (1914)).

The Second Circuit has set forth a three-prong standard for obtaining *coram nobis* relief. A petitioner "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (citation omitted).  Petitioner has failed to meet any of these factors.

Her claim in the instant petition that her counsel was ineffective is the same claim that she raised in her § 2255 petition.  Basically, she contends that if her counsel had analyzed the financial transaction for which she was convicted more thoroughly, counsel would have

2

discovered that, in fact, petitioner did not put her bank at risk. She attempts to resurrect this argument by claiming that she has discovered "new evidence," but most of the evidence she claims is new was, in fact, annexed to or referenced in her § 2255 petition. She has offered no reason why she could not have raised the arguments she raises here based on the same evidence that she placed before me in her § 2255 petition. Moreover, her *coram nobis* argument does not undermine my prior determination that she received assistance of counsel that went far beyond the minimum required under Strickland v. Washington, 466 U.S. 668 (1984). Nor has she even alluded to any legal consequences that she continues to suffer from her conviction.

     Finally, I note another fatal deficiency in her *coram nobis* petition that is the same as in her § 2255 petition: her arguments do not involve the perjury charge against her, which was dismissed as part of her plea agreement. Her *coram nobis* petition barely even mentions this charge. Her current petition, like her § 2255 petition, makes a conclusory assertion that she would not have pled guilty if her attorney had adequately advised her on the bank fraud count – without saying anything about the five-year exposure she had on the perjury count. But having listened to her testify, I rejected her self-serving assertion in my decision on her § 2255 petition: "I therefore reject her assertion that she would have gone to trial on two highly risky bank fraud counts with the additional high risk of a perjury conviction." Metaxas, 449 F. Supp. 3d at 35. Since she cannot show a reasonable probability that she would have gone to trial but for the alleged ineffective assistance, she cannot meet the Strickland standard.

3

Having failed to make even a minimal showing for this extraordinary writ, her petition is denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 21, 2023